**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4523**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

JOSE JUAN ORGANES-ESPINO, a/k/a Johnny Organes, a/k/a
Johnny Two Braids, a/k/a Paisa,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:09-cr-00263-WO-1)

Submitted:  March 20, 2012          Decided:  April 2, 2012

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Sandra J. Hairston, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Juan Organes-Espino appeals the 324-month sentence imposed following his jury conviction of one count of conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2006), and one count of possession of ammunition by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2006). On appeal, Organes-Espino argues that the district court erred in (1) admitting testimony regarding a recorded phone call from a witness who was not a party to the call, and (2) applying a three-level leadership enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(b) (2010). We affirm.

Organes-Espino first contends that the district court erred in admitting the testimony regarding the recorded calls because it was impermissible opinion testimony. Because Organes-Espino did not object to the testimony at trial, we review this claim for plain error. See Fed. R. Evid. 103(d); United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006).

Assuming, without deciding, that the district court erred in admitting the challenged evidence, we conclude that the admission did not rise to the level of plain error, as it did not affect Organes-Espino's substantial rights. Not only did the jury receive transcripts of the recordings, which

2

Organes-Espino stipulated were accurate, but the remaining evidence of Organes-Espino's guilt was overwhelming.

We also perceive no plain error under the Sixth Amendment's Confrontation Clause. The Confrontation Clause "guarantees a defendant's right to confront those 'who bear testimony' against him," and, therefore, a witnesses' testimony is "inadmissible unless the witness appears at trial or, the witness is unavailable, the defendant had a prior opportunity for cross-examination." Melendez v. Massachusetts, 129 S. Ct. 2527, 2531 (2009) (quoting Crawford v. Washington, 541 U.S. 36, 51, 54 (2004) (internal quotation marks omitted). When a co-conspirator's statements are admissible under Federal Rule of Evidence 801(d)(2)(E), there is no Confrontation Clause violation. Bourjaily v. United States, 483 U.S. 171, 182 (1987). Because the recorded calls were made during and in furtherance of the drug conspiracy, see Fed. R. Evid. 801(d)(2)(E), their admission did not violate the Confrontation Clause. To the extent that Organes-Espino alleges that the testimony regarding the calls was, itself, a Crawford violation, we conclude that the testimony was not hearsay, and, therefore, it was admissible under Crawford.

Finally, Organes-Espino contends that the district court erred in applying a three-level leadership enhancement. We review a district court's application of the Sentencing

3

Guidelines de novo and its factual findings for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010). Pursuant to USSG § 3B1.1(b), a defendant qualifies for a three-level enhancement if he was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). To qualify as a manager or supervisor, the defendant need only have exercised control over one participant. USSG § 3B1.1, cmt. n.2. In determining a defendant's leadership role, a court should consider seven factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4; see also United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

Here, the district court did not err in assessing a three-level enhancement. The evidence clearly showed that the criminal activity involved at least five people and that Organes-Espino exercised control over at least one of the participants, who delivered cocaine at his behest for a period of years.

Accordingly, we affirm the district court's judgment. We deny Organes-Espino's motions to file a pro se supplemental

brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>